USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/3/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

UNITED STATES OF AMERICA,

    - against -

CIRILO DEJESUS ZAPATA-LORA,

              Defendant.

----------------------------------------X

06 Cr. 794-01 (RWS)

SENTENCING OPINION

**Sweet, D.J.**

On June 1, 2007, Cirilo DeJesus Zapata-Lora ("Zapata-Lora") pleaded guilty to one count of illegal re-entry. For the reasons set forth below, Zapata-Lora will be sentenced to 41 months' imprisonment and a two-year term of supervised release. Zapata-Lora also will be required to pay a special assessment of $100.

**Prior Proceedings**

Zapata-Lora was indicted in the Southern District of New York on September 14, 2006, at which time an arrest warrant was issued. On October 24, 2006, Zapata-Lora was arraigned before the Honorable Debra C. Freeman, at which time he entered a plea of not

1

guilty.

By Order of the Court dated May 1, 2007, Zapata-Lora's motion to dismiss the indictment was denied.

On June 1, 2007, Zapata-Lora appeared before the Honorable Andrew J. Peck and changed his plea to guilty.

Zapata-Lora is scheduled to be sentenced on October 4, 2007.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines (the "Guidelines") established by the United States Sentencing Commission.  Thus, the sentence to be imposed here is the result of a consideration of:

    (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)   the need for the sentence imposed --

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for --
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;
>
> (5) any pertinent policy statement ... [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Probation Department's Presentence Investigation Report ("PSR") with respect to Zapata-Lora's personal and family history.

**The Offense Conduct**

On March 12, 1986, Zapata-Lora illegally entered the U.S through the Mexican border. Zapata-Lora was subsequently arrested by authorities in the vicinity of Roma, Texas. On March 17, 1986, Zapata-Lora was ordered deported, and was allowed to voluntarily leave the country. by May, 27, 1986; however, Zapata-Lora failed to report for deportation. Subsequently, a warrant was issued for his arrest.

On March 10, 1988, Zapata-Lora, using his true name "Modesto Lora," filed for temporary residency in the United States. Upon completing the necessary immigration forms, Zapata-Lora listed a different date of birth, name, and date of entry. Zapata-Lora was subsequently granted temporary residency status under the name Modesto Lora. Shortly thereafter, on June 5, 1989, Zapata-Lora, again using the name Modesto Lora, was issued a green card.

4

On October 10, 1989, Zapata-Lora was arrested by the Freeport Police Department in Nassau County, NY for possessing approximately 39 grams of cocaine and a loaded .38 caliber handgun. Upon being arrested, Zapata-Lora informed arresting officers that his name was "Cirilo DeJesus Zapata-Lora." On January 4, 1990, Zapata-Lora was convicted of Criminal Possession of a Controlled Substance in the Third Degree and Criminal Possession of a Weapon in the Third Degree, and he was sentenced to one to three years' imprisonment on each count. On November 13, 1990, he was released into the custody of Immigration and Naturalization Service ("INS"), and subsequently deported on November 14, 1990.

In January 1991, Zapata-Lora re-entered the U.S. using the green card that had been issued to him under his true name, Modesto Lora. On May 5, 1995, Zapata-Lora, using the name Modesto Lora, submitted an application for a replacement green card claiming that he had lost his original card. In 1996, this request was denied by INS based on discrepancies between the applications submitted under the name Modesto Lora. Subsequently, the application was classified as false.

On November 8, 1995, Zapata-Lora was arrested by the NYPD on charges of driving without a license. Upon being arrested, Zapata-Lora identified himself as Modesto Lora.

**The Relevant Statutory Provisions**

The maximum term of imprisonment is 20 years, pursuant to 8 U.S.C. § 1326(a) and (b)(2).

If a sentence of imprisonment is imposed, the Court may impose a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

Zapata-Lora is eligible for not less than one nor more than five years' probation, pursuant to 18 U.S.C. § 3561(c)(1). Because the offense is a felony, one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service, pursuant to 18 U.S.C. § 3563(a)(2).

The maximum fine is $250,000, pursuant to 18 U.S.C. § 3571(b). A special assessment in the amount of $100 is mandatory, pursuant to 18 U.S.C. § 3013.

**The Guidelines**

The November 1, 2006 edition of the United States

6

<u>Sentencing Commission Guidelines Manual</u> has been used in this case for calculation purposes, pursuant to section 1B1.11(a).

The guideline for a violation of 8 U.S.C. § 1326(b)(2) is found in section 2L1.2 which provides for a base offense level of eight, pursuant to section 2L1.2(a).

Because the defendant was deported subsequent to a drug trafficking conviction for which the sentence imposed exceeded 13 months, 16 levels are added, pursuant to section 2L1.2(b)(1)(A)(i).

Based on his plea allocution, Zapata-Lora has shown recognition of responsibility for the offense. Based on his timely notification of his intention to plead guilty and because the offense level is 16 or greater, the offense level is reduced by three levels pursuant to section 3E1.1(a) and (b). The resulting adjusted offense level is 21.

Zapata-Lora was previously convicted in Nassau County Supreme Court for Attempted Criminal Possession of a Controlled Substance in the Third Degree and Criminal Possession of a Weapon in the Third Degree for which he received a sentence of one to three years' imprisonment on each count on January 4, 1990. Pursuant to section 4A1.2(e)(1) and (2) and section 4A1.1(a),

7

Zapata-Lora receives three criminal history points for this conviction.

Zapata-Lora was also convicted of Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree in Bronx County Criminal Court on November, 14, 1995, for which he received a sentence of three days' imprisonment and paid a $500 fine. Pursuant to section 4A1.2(c)(1), Zapata-Lora receives zero criminal history points for this conviction.

The total of the criminal history points is three. According to the sentencing table at Chapter 5, Part A, three criminal history points establish a Criminal History Category of II.

Based on a total offense level of 21 and a Criminal History Category of II, the Guidelines range for imprisonment is 41 to 51 months.

The Guidelines range for a term of supervised release is at least two but no more than three years for each Count, pursuant to section 5D1.2(a)(2). If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required but is optional, pursuant to section 5D1.1(b). Supervised release

is required if the Court imposes a term of imprisonment of more than one year or when required by statute, pursuant to §5D1.1(a).

The defendant is not eligible for probation because the applicable Guidelines range is in Zone D of the sentencing table, pursuant to section 5B1.1, cmt. 2.

The fine range for the instant offense is from $7,500 to $75,000, pursuant to section 5E1.2(c)(3). Subject to the defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release, pursuant to section 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,036.92 to be used for imprisonment, a monthly cost of $294.60 for supervision, and a monthly cost of $1,799.04 for community confinement.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second

Circuit's decision in <u>Crosby</u>, 397 F.3d 103. Pursuant to all of the factors, it is hereby determined that a Guidelines sentence is warranted.

**The Sentence**

For the instant offense, Zapata-Lora will be sentenced to 41 months' imprisonment and a two-year term of supervised release.

As mandatory conditions of his supervised release, Zapata-Lora shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; (4) cooperate in the collection of DNA as directed by the probation officer; and (5) submit to one drug test within 15 days of release on probation and two periodic drug tests thereafter for use of a controlled substance.

Furthermore, the standard conditions of supervision (1-13) shall be imposed with the additional special conditions that:

> (1) The defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence

of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(2) The defendant shall obey the immigration laws and comply with the directives of immigration authorities.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the defendant is able to pay a fine, so the fine in this case shall be waived.

A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

The defendant has been detained without bail since his arrest. He is not a candidate for voluntary surrender, pursuant to 18 U.S.C. § 3143(a)(2).

The terms of this sentence are subject to modification at the sentencing hearing scheduled for October 4, 2007.

It is so ordered.

New York, NY
October 3, 2007

_____
ROBERT W. SWEET
U.S.D.J.